Filed 11/16/23  P. v. Ochoa CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B321637 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. MA075931 |
| v. | |
| ROSA OCHOA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alan Z. Yudkowsky, Commissioner.  Affirmed.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.

————————————

A jury convicted Rosa Ochoa of two counts of animal cruelty and one count of possessing a bird for fighting, while acquitting her of two counts of failing to care for an animal. The trial court sentenced Ochoa to 28 months in county jail but suspended all but six months of the sentence. Ochoa claims two issues related to jury instructions require reversal. We affirm.

Because an overview of the trial is unnecessary to resolve this appeal, we proceed to the issues.

I

Ochoa claims the prosecution committed misconduct in its rebuttal argument by misstating the law set forth in CALCRIM No. 373, which concerns other perpetrators.

Ochoa forfeited this issue by failing to raise it at trial. (See *People v. Johnsen* (2021) 10 Cal.5th 1116, 1164 (*Johnsen*) [timely and specific objection required to preserve claims of prosecutorial misconduct].) Ochoa does not claim objecting or admonishing the jury would have been ineffectual. (*See id.* at pp. 1164–1165.)

Grasping this forfeiture, Ochoa alternatively claims her trial counsel provided ineffective assistance by failing to object to the prosecution's argument. This claim is mistaken.

This case about animal cruelty involved unrelated claims of cockfighting and a severely injured goat. Ochoa's defense was innocence: someone else had control over the area behind her home and the injured animals found there, and she was not the wrongdoer.

The relevant instruction regarding other wrongdoers, CALCRIM No. 373, provides: "The evidence shows that other persons may have been involved in the commission of the crimes charged against the defendant. There may be many reasons why someone who appears to have been involved might not be a

2

codefendant in this particular trial. You must not speculate about whether those other persons have been or will be prosecuted. Your duty is to decide whether the defendant on trial here committed the crimes charged."

In her initial closing argument, the prosecutor referenced this instruction and accurately explained it.

During the defense argument, Ochoa's counsel noted other people lived on the relevant nine-acre parcel of land and kept animals there. Counsel listed three names and Ochoa's husband. He invited the jury to consider whether one of these others "could have been caring for and raising the birds that were seized behind the Ochoa residence."

The prosecutor responded to this defense argument in rebuttal and returned to CALCRIM No. 373. The prosecutor highlighted evidence showing the animals were Ochoa's and stated, with our emphasis:

"And, you know, the defense claims that the evidence does not tie the area behind her house to her, and he asks you to figure out if one of the other individuals involved was the owners. I think he named Mr. Casillas, Mr. Fernandez, Mr. Quitquit, and the defendant's own husband, *and that's exactly what 373 asks you not to do.*"

Ochoa challenges the italicized remark, claiming it misdescribed the instruction and improperly told jurors they could not consider evidence of possible third party culpability. In Ochoa's view, the remark imposed an erroneous limit on the evidence the jury could consider when assessing her guilt and misled them on their fact finding role.

A defendant claiming ineffective assistance of counsel must show deficient performance by counsel that prejudiced the

3

defense.  (*Johnsen*, *supra*, 10 Cal.5th at p. 1165.)  On direct appeal, we find deficient performance only if (1) the record shows counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) no satisfactory explanation could exist.  (*Ibid*.)  We defer to counsel's reasonable tactical decisions and presume counsel acted within the wide range of reasonable professional assistance.  (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*).)  Whether to object to the prosecution's argument is a highly tactical decision.  (*Johnsen*, *supra*, 10 Cal.5th at p. 1165.)

Defense counsel's failure to object to the prosecution's rebuttal argument was rational.

The challenged remark was brief:  part of one sentence.  The remark responded to the defense argument about others at the property and cited the relevant jury instruction.

The prosecutor already had explained the instruction accurately to the jury and had noted the applicable law was in the jury instructions.  The trial court read the correct instruction. It directed the jury to follow its instructions in the event of any conflicting comments by counsel.  The court announced it would provide jurors with copies of the instructions in the jury room.

Defense counsel also might not have objected because he reasonably might have interpreted the prosecutor's remark as consistent with the law.  The instruction told the jury its "duty is to decide whether the defendant on trial here committed the crimes charged."  The defense had just referred to several others who could have been responsible.  In rebuttal, the prosecution was trying to bring jurors back to the defendant and their key task of determining whether *she* was guilty, not whether neighbors *also* were blameworthy.

4

In short, defense counsel may have determined that objecting to the prosecutor's passing rebuttal remark was pointless, unnecessary, or improper. The choice not to object was reasonable. (See *Mai*, *supra*, 57 Cal.4th at p. 1018 [whether objections should be made is within counsel's discretion and rarely implicates ineffective assistance of counsel].)

Because Ochoa has not established deficient performance by her trial counsel, we need not reach the issue of prejudice.

## II

Ochoa argues her trial counsel also provided ineffective assistance by failing to request optional cautionary language with CALCRIM No. 358, which concerns certain out of court statements made by a defendant. Once again, Ochoa has failed to establish deficient performance, so we do not assess prejudice.

The trial court admitted several statements by Ochoa.

Sergeant Edgar Chavarria testified about statements Ochoa made when sheriffs executed a search warrant and discovered injured roosters and an injured goat behind Ochoa's house. Chavarria is a certified Spanish speaker who spoke with Ochoa in Spanish.

Chavarria facilitated a recorded interview with Ochoa in Spanish and provided English translation. The jury saw the video recording of this interview and had a transcript of it.

In the interview, Ochoa identified her property as "only the house" yet admitted her chickens and goats were behind the house. Ochoa circled this area on a map and then answered some questions about her roosters. Chavarria noted in English, "she's not too specifically clear" about the roosters but "every animal that is behind her residence, uh, belongs to her." Chavarria testified the area Ochoa identified behind her house as hers was

5

enclosed by fencing. Ochoa confirmed in the interview that she had the roosters since they were small, but she did not know if they were fighting roosters. She admitted her goat was injured when she got it eight months before, she had tried to treat the goat, but she did not take it to a veterinarian. The lower part of the goat's leg was necrotic and missing; but Ochoa maintained her goat was fine, as it had just given birth.

Chavarria had other conversations with Ochoa during the multi-day search operation at the property, conversations that were not recorded. He testified Ochoa said she did not fight the roosters, hers were not fighting roosters, and she had never been to a cockfight. She also said she and her husband breed "them" and her husband sends "some of them" to Mexico.

The jury also saw Ochoa's written statement. Ochoa had signed an animal relinquishment form—which was in English and Spanish—relinquishing about 40 game birds and two goats (a mother and her newborn kid). Ochoa told Chavarria and another sergeant that she owned these animals, so this other sergeant put an "X" in the box stating Ochoa was the legal owner of the animals.

At trial, Ochoa claimed she could only read a little Spanish and did not read the form before signing it. Ochoa testified, among other things, that she rented her home and the front yard but not the back area, and she never used this area. She did not raise fighting birds, did not sell them, and was unaware of the goat needing medical attention. She denied making some of the unrecorded statements to Chavarria and owning the injured animals.

Going back to the instruction on defendant statements, CALCRIM No. 358 provides, and the trial court instructed:

6

"You have heard evidence that the defendant made oral statements before the trial. You must decide whether the defendant made any of these statements, in whole or in part. If you decide that the defendant made such statements, consider the statements, along with all the other evidence, in reaching your verdict. It is up to you to decide how much importance to give to the statements."

The form instruction has the following language in brackets: "Consider with caution any statement made by (the/a) defendant tending to show (his/her) guilt unless the statement was written or otherwise recorded." This is the optional cautionary language.

The trial court did not provide this language. The record does not disclose why counsel did not request it. In Ochoa's view, there was no downside and only upside in adding this language, as Ochoa's unrecorded statement was "clearly detrimental" and essentially an admission of guilt that she bred fighting birds. Also, there was no harm in focusing the jury on Ochoa's recorded statement, which was partly exculpatory.

The cautionary instruction aids the jury in determining whether an admission in fact was made. (*People v. Diaz* (2015) 60 Cal.4th 1176, 1185 (*Diaz*).) It is not required absent a request for it. (*Id.* at p. 1189.) As our Supreme Court has recognized, "[t]he cautionary instruction does not reflect a legal principle with which jurors would be unfamiliar absent the instruction, and the defendant may not always want the instruction to be given." (*Ibid.*)

"The cautionary instruction is concerned with the reliability and credibility of the witness who testifies about the defendant's statements." (*Diaz, supra*, 60 Cal.4th at p. 1187.)

7

Here, defense counsel reasonably could have concluded there was little utility and perhaps some risk in drawing further attention to the credibility of the officer who testified about Ochoa's unrecorded statements. Chavarria was a 20-year law enforcement veteran with no apparent reason to lie or to frame Ochoa. This portion of Chavarria's testimony was brief and blended with testimony about Ochoa's recorded statements.

Counsel alternatively and reasonably might have determined requesting the cautionary language worked to Ochoa's disadvantage, given Ochoa's unrecorded statements included *denying* her birds were fighting birds and arguably admitting she bred and shipped only *non-fighting* roosters.

Counsel similarly and reasonably could have viewed the recorded interview as more harmful to Ochoa's case. But the optional warning in CALCRIM No. 358 would not reach Ochoa's recorded statement.

Not requesting the optional language was a rational tactical choice.

### III

Finally, Ochoa urges us to find cumulative error, arguing the combined effect of the two missteps here rendered her trial fundamentally unfair. Ochoa has demonstrated neither multiple trial errors nor an unfair trial. (See *People v. Poletti* (2015) 240 Cal.App.4th 1191, 1216 [appellate court reverses a judgment under the cumulative error doctrine if there is a reasonable possibility the jury would have reached a more favorable result absent a combination of errors].)

///

## DISPOSITION

We affirm the judgment.

WILEY, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.